UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>CARLOS ROBERT GELTMAN,<br><br>                                    Defendant. | Case No.:  19cr2767-CAB<br><br>ORDER DENYING MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)<br><br>[Doc. No. 55] |

Before the Court is defendant Carlos Robert Geltman's motion to modify his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 55[1].]  The government filed an opposition to the motion. [Doc. No. 60.]

**I. Procedural Background**

On December 16, 2020, the defendant filed a motion requesting his sentence of incarceration be modified to a term of time served and home confinement.  A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

This defendant's circumstances regarding the exhaustion requirement are unusual. On February 28, 2020, the defendant was sentenced to 27 months of custody and given a self-surrender date of March 30, 2020. [Doc. No. 38.] In the interim, the COVID-19 pandemic struck. The defendant was granted extensions of his self-surrender date as the Bureau of Prisons (BOP) worked on its response to the pandemic. The defendant was ultimately ordered to self-surrender to begin his custodial term on August 24, 2020. [Doc. Nos. 46, 49.] Defendant surrendered and is presently being held at CoreCivic's Central Arizona Detention Center in Florence, Arizona ("CCA Florence") awaiting transfer to a BOP facility. He anticipated being transferred to FCI Terminal Island in San Pedro, California to serve his custodial time; however, since his surrender the defendant has remained in the custody of CCA Florence. [Doc. No. 55, at 2.]

On September 28, 2020 the defendant sent a request to the warden at CCA Florence seeking modification of his sentence to home confinement. [Doc. No. 58, at 4-6.] A CCA Florence representative responded that the facility had no releasing authority. [*Id.*, at 4.] Based on his pending designation to FCI Terminal Island, on October 26, 2020, the defendant emailed a request to the warden at FCI Terminal Island again seeking modification of his sentence to time served and home confinement. [*Id.*, at 9-10.] Defendant represents he has had no response to this request. [Doc. No. 55, at 2.]

Over 30 days have expired since the defendant submitted his request to the warden of FCI Terminal Island. Under these unusual circumstances, the Court finds that the defendant has made all reasonable attempts to exhaust his administrative remedies and the Court will therefore consider his motion on the merits. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* No. 14cr283-LAB, 2020 WL 2512204, at *1 (S.D. Cal. May 15, 2020); *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

The Court finds the motion suitable for determination on the papers. For the reasons set forth below, the motion is **DENIED**.

**II. Case Background**

On September 26, 2019, the defendant entered a guilty plea to one count of importation of a federally controlled substance, specifically 30.20 kilograms of methamphetamine, in violation of 21 U.S.C. § 952, 960. [Doc. No. 27.] The charge carried a mandatory minimum sentence of 120 months. The defendant admitted that he expected to be paid for couriering the drugs into the United States and reported that he needed the money because he was behind in child support payments.

The defendant was a 21-year old, first-time offender with no criminal history and qualified for safety valve relief from the mandatory minimum sentence. He was afforded a minor role reduction, jointly recommended by the government and defense counsel. He had a history of opioid abuse, but while on bond during the pendency of his case he complied with all drug testing requirements and had no drug use issues. He reported no health issues except asthma treated with an inhaler. He maintained employment and participated in mental health counseling. [Doc. No. 33.]

The defendant's guideline range was 46 to 57 months, and the government recommended a custodial sentence of 46 months, the low end of the guideline. [Doc. No. 35.] Based on his personal history and characteristics, the defendant requested a sentence of 18 to 24 months. [Doc. No. 36, at 10.]

On February 28, 2020, after considering all the § 3553(a) factors, the Court sentenced the defendant to 27 months of custody followed by three years of supervised release. [Doc. No. 37.] The defendant has served approximately five and a half months of his custodial sentence, or 20 percent of his term of imprisonment.

**III. Compassionate Release Considerations**

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement. *See* USSG § 1B1.13. He does not have a terminal illness. *Id.*, cmt. n. 1(A)(i). He is not suffering from (1) a serious physical or medical condition, (2) serious functional or cognitive impairment, or (3) deteriorating physical or mental health because of the aging process, that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.*, cmt. n.1 (A)(ii).

The defendant argues that USSG § 1B1.13 cmt. n. 1(D) provides that the court may find an extraordinary and compelling reason to reduce a defendant's sentence other than those described in the subdivisions discussed *supra*, and that applies in his personal circumstances. The defendant also argues that he has health conditions that make him particularly vulnerable to severe complications should he contract the COVID-19 virus in custody and therefore his situation is extraordinary, justifying his requested sentence modification to time served and home detention.

The defendant has a documented history of asthma, which is controlled with the use of an inhaler. He also claims his Body Mass Index is now 31.61, which classifies him as mildly obese. Although these are risk factors identified by the Centers for Disease Control and Prevention that may cause COVID-19 complications, he has not demonstrated that his health conditions are extraordinary.

The defendant is a 22-year old in general good health. Although asthma is a risk factor for COVID-19 complications, the defendant's medical records reflect a condition that is treated and under control. There is no record that the defendant's asthma inhibits his lung functionality or that he experiences asthma attacks with any frequency. This condition, which appears to be manageable and relatively minor, does not make the defendant's circumstances extraordinary. *See, e.g., United States v. Antoine*, No. 3:14-CR-

3141-DMS, 2020 WL 5064298, at *2 (S.D. Cal. Aug. 26, 2020); *United States v. Miles*, No. 2:17-cr-00127-KJM, 2020 WL 3256923, at *3 (E.D. Cal. June 16, 2020).

As for the defendant's weight, the defendant's classification in the mildly obese category also does not make his circumstances extraordinary.  There is no indication that his excess weight has caused any additional medical issues or has had an adverse effect on his overall health.  *See, e.g., United States v. Gordon*, No. 14-20609, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (noting that when 42.4% of American adults are obese and additional 32% are overweight, being mildly obese is not so extraordinary that injustice would result if the relief is not granted).  The defendant's circumstances do not rise to the level of being extraordinary and compelling.

### IV. Conclusion

The Court finds that the defendant has not established that his circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, the defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 6, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge